IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

JOHN LONDONO GONZALEZ,
Petitioner,

v. Civil No. 3:26cv807 (DJN)

JEFFREY CRAWFORD, *et al.*,
Respondents.

**MEMORANDUM OPINION**

Petitioner, a federal detainee proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1 ("§ 2241 Petition").) In his § 2241 Petition, Petitioner seeks his immediate release pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001), due to his prolonged detention for thirteen months. (ECF No. 1 at 6–9.) Accordingly, by Memorandum Order entered on August 13, 2026, the Court directed the Government to file either a Notice indicating that the factual and legal issues presented in the § 2241 Petition do not differ in any material fashion from those presented in *Ortega Miranda v. Bondi*, No. 3:25CV769, 2026 WL 287179 (E.D. Va. Feb. 3, 2026), or an explanation as to why material factual or legal differences between *Ortega Miranda* and the § 2241 Petition exist. (ECF No. 3 at 1–2.) The Government has filed an Opposition. (ECF No. 5.) Petitioner has not filed a reply. For the reasons that follow, the § 2241 Petition will be DENIED.

## I. FACTUAL BACKGROUND

The § 2241 Petition contains very little background information. Accordingly, the Court must rely on the factual background provided by the Respondents. According to Respondents:

> 5. Petitioner is a 52-year-old native and citizen of Colombia.
>
> 6. On or about May 3, 2022, Customs and Border Protection ("CBP") officers encountered Petitioner in or around Eagle Pass, Texas after Petitioner had crossed into the United States from Mexico by swimming across the Rio Grande River. After establishing Petitioner's identification, CBP officers confirmed Petitioner was arriving in the United States without being admitted or paroled and processed Petitioner for expedited removal. Petitioner was served with Form I-860, Notice and Order of Expedited Removal pursuant to 8 U.S.C. § 1225(b)(1)(A).
>
> 7. As part of the expedited removal process, Petitioner expressed a fear of returning to his country and was referred to the U.S. Citizenship and Immigration Services ("USCIS") for a Credible Fear Interview under 8 U.S.C. § 1225(b)(1)(A)(ii). While awaiting his Credible Fear Interview, Petitioner was detained pursuant to 8 U.S.C. § 1225(b)(1)(B)(iii)(IV).
>
> 8. On or about June 7, 2022, Petitioner was released on his own recognizance based on the *Fraihat v. Immigration and Customs Enforcement*, et al., class action lawsuit (injunction requiring custody reviews for detainees with heightened risk factors for severe covid).[1]
>
> 9. On or about February 10, 2023, USCIS conducted a credible fear interview and made a negative fear determination. Petitioner requested review before an Immigration Judge.
>
> 10. On or about February 17, 2023, an Immigration Judge vacated the negative fear determination and found that Petitioner had a credible fear of persecution or torture upon returning to Colombia.
>
> 11. On or about July 29, 2025, Petitioner was charged with Assault under N.Y. Penal Code § 120.10 and Aggravated Assault under N.Y. Penal Code § 120.11. These charges are pending.
>
> 12. On July 31, 2025, Petitioner was encountered by New York City Immigration and Customs Enforcement, Fugitive Operations Team in collaboration with CBP, and Homeland Security Investigations ("HSI"). Officers with Immigration and Customs Enforcement confirmed Petitioner was the target of investigation. Petitioner was arrested pursuant to a Form I-200 warrant of arrest and taken into custody.
>
> 13. On July 31, 2025, Petitioner was served with a Notice to Appear ("NTA") charging him under U.S.C. § 1182(a)(7)(a)(i)(I) as an[] immigrant at the

[1] *Fraihat v. ICE*, 445 F. Supp. 3d 709, 751 (C.D. Cal. 2020).

> time of application for admission-who is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document required by this chapter, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality if such document is required under the regulations issued by the Attorney General.
>
> 14. On January 7, 2026, Petitioner had a merits hearing before an Immigration Judge and was ordered removed to Ecuador or Guatemala based on Asylum Cooperative Agreements ("ACA").
>
> 15. On February 26, 2026, the Board of Immigration Appeals ("BIA") received and accepted Petitioner's appeal of his removal order.
>
> 16. On or about April 30, 2026, the Board of Immigration Appeals dismissed the Petitioner's appeal of the Immigration Judge's Order of Removal, subjecting Petitioner to a Final order of Removal under 8 U.S.C. § 1231.
>
> 17. On June 4, 2026, DHS filed a Motion to Reopen removal proceedings with the Immigration Court to adjudicate the Petitioner's application for asylum.
>
> 18. On June 9, 2026, the Immigration Court granted DHS's Motion to Reopen and set an individual merits hearing on July 10, 2026.
>
> 19. On June 10, 2026, the Farmville Detention Center experienced technical issues and Petitioner's individual merits hearing was continued to August 4, 2026.
>
> 20. On August 4, 2026, the Immigration Court proceeded with Petitioner's individual merits hearing, denied Petitioner's request for relief, and entered an order of removal to Colombia.
>
> 21. Petitioner did not reserve appeal of the Immigration Court's Order of Removal, subjecting Petitioner to a Final order of Removal under 8 U.S.C. § 1231.
>
> 22. [Enforcement Removal Operations ("ERO")] possesses a copy of Petitioner's unexpired Colombian passport and, absent the habeas corpus petition and Order to Show Cause, is ready to effectuate removal to Colombia.

(ECF No. 5-1 ¶¶ 5–22.)

## II. STANDARD OF REVIEW

28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." *Id.* "A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United

States." *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations and brackets omitted). After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## III. ANALYSIS

### A. Petitioner is Not Entitled to a Bond Hearing

On August 12, 2026, Petitioner filed his § 2241 Petition asserting that the Immigration Court reopened Petitioner's removal proceedings and Petitioner was now detained pursuant to 8 U.S.C. § 1226 and entitled to a bond hearing. (ECF No. 1 at 7.) However, it appears that Petitioner is again subject to a Final Order of Removal and is detained pursuant to 8 U.S.C. § 1231. On August 4, 2026, the Immigration Court denied Petitioner's request for relief and entered an order of removal to Colombia. (ECF No. 5-1 ¶ 20.) Because Petitioner did not reserve appeal, the order of removal became administratively final. (*Id.* ¶ 21.) "Under § 1231, upon the issuance of a final order of removal to an alien, the alien shall be removed 'within a period of 90 days.' 8 U.S.C. § 1231(a)(1)(A). The alien '*shall*' be detained during the removal period." *Banoub v. Crawford*, 819 F. Supp. 3d 477, 486 (E.D. Va. 2025) (footnote omitted) (quoting 8 U.S.C. § 1231(a)(1)(A)). To the extent that Petitioner argues that he is entitled to a bond hearing, that is not true. For the foreseeable future, Petitioner's detention is mandatory. *See id.* (quoting 8 U.S.C. § 1231(a)(1)(A)).

### B. Petitioner's Detention is Not Prolonged

To the extent that Petitioner argues that his prolonged detention in ICE custody violates his constitutional rights (ECF No. 1 at 7–8), that argument also lacks merit.

8 U.S.C. § 1231 governs the detention and removal of aliens subject to final orders of removal.[2] Under § 1231, upon the issuance of a final order of removal to an alien, the alien shall be removed "within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). The alien "*shall*" be detained during the removal period. *Id.* § 1231(a)(2)(A).

An alien not removed during the removal period may be released or detained. Under 8 U.S.C. § 1231(a)(3), aliens who do not leave the United States or are not removed during the removal period "*shall* be subject to supervision" pending their removal. 8 U.S.C. § 1231(a)(3) (emphasis added). But § 1231(a)(6) provides that certain noncitizens, including those "determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period." 8 U.S.C. § 1231(a)(6). That is, § 1231(a)(6) permits the continued detention of an alien after the removal period.

Section 1231 "does not specify a time limit on how long DHS may detain an alien in the

---

2 8 U.S.C. § 1231 provides, in pertinent part:

(a) Detention, release, and removal of aliens ordered removed

(1) Removal period
(A) In general
Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period").

. . . .

(2) Detention
(A) In general
During the removal period, the Attorney General shall detain the alien[.]

8 U.S.C. § 1231(a)(1)–(2).

post-removal period." *Castaneda v. Perry*, 95 F.4th 750, 755–56 (4th Cir. 2024). But the United States Supreme Court addressed this issue in *Zadvydas v. Davis*, 533 U.S. 678 (2001). In *Zadvydas*, the Supreme Court considered whether § 1231(a)(6) authorizes the indefinite detention of an alien subject to a removal order, or whether the statute permits detention only for a period reasonably necessary to secure the alien's removal. *Zadvydas*, 533 U.S. at 692. Recognizing the "serious constitutional problem arising out of a statute that . . . permits an indefinite, perhaps permanent, deprivation of human liberty," the *Zadvydas* Court "construe[d] [§ 1231] to contain an implicit 'reasonable time' limitation.'" *Id.* at 682, 692. This period, the Supreme Court determined, is presumptively six months. *Id.* at 701.

The six-month presumption "does not mean that every alien not removed must be released after six months." *Id.* But if an alien is detained beyond six months, the reasonable time presumption no longer exists. At that point, "if 'the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing' or release the alien." *Castaneda*, 95 F.4th at 756 (quoting *Zadvydas*, 533 U.S. at 701); *see also Wan v. Crawford*, No. 1:13-cv-1473 (JCC), 2014 WL 970180, at *3 (E.D. Va. Mar. 12, 2014) (explaining the burden-shifting test established in *Zadvydas* to assess the constitutionality of detention following the presumptively reasonable six-month period).

Here, Petitioner has been detained on a final order of removal, at most, since April 30, 2026 (when the order of removal first became final), which is about four months, and far less than the presumptively reasonable six-month period. *See Zadvydas*, 533 U.S. at 701.

Additionally, Petitioner has not met his burden to show that there is not significant likelihood of removal in the reasonably foreseeable future. To the contrary, Respondents assert that Enforcement and Removal Operations possesses a copy of Petitioner's unexpired Colombian passport and will effectuate Petitioner's removal upon resolution of the § 2241 Petition. (ECF No. 5-1 ¶ 22.) Because Petitioner has not met his burden to show that his ongoing detention violates the constitution, the § 2241 Petition will be DENIED.

## IV. CONCLUSION

The Court will DENY the § 2241 Petition. The Court will VACATE the portion of the Memorandum Order entered on August 13, 2026, which prohibited Respondents from removing or transferring Petitioner from this District.

An appropriate Final Order shall issue.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Petitioner.

/s/

David J. Novak
United States District Judge

Richmond, Virginia
Date: September ~~4~~ 3, 2026